J^GREMILLION, Judge.
The plaintiffs, Claudette and Ronald Derouen, appeal the trial court’s judgment sustaining a dilatory exception of prematurity filed by the defendants, the State of Louisiana, through the Department of Health and Hospitals (DHH), Vermilion Parish Health Unit, and Lafayette Parish Health Unit (collectively referred to as the “State”). This matter involved the alleged mislabeling and/or mishandling of Claudette’s blood sample by the State. In finding that she was a patient receiving health care, and that the petition clearly alleged acts of medical negligence, the trial court held that the Derouens’ complaints should have been submitted to a medical review panel pursuant to La.R.S. 40:1299.39 before filing the matter in the district court. Finding their claims premature, the trial court dismissed their suit without prejudice. We affirm.
| {.FACTS
This matter stems from a blood sample drawn by the Vermilion Parish Health Unit from Claudette for the purpose of testing her for Human Immunodeficiency Virus (HIV). After the sample was tested at either a public health laboratory run by DHH or the Lafayette Parish Health Unit, Claudette was informed that she tested positive for HIV. Testing performed at a private laboratory on a portion of that same sample was negative for HIV. The Vermilion Parish Health Unit then retested Claudette for the virus, and received a negative result.
The Derouens filed suit against the State seeking damages for the extreme mental pain and anguish they suffered as a result of the State’s mishandling and/or mislabeling of Claudette’s blood sample. In response to this petition, the State filed exceptions of prematurity and lack of subject matter jurisdiction. Since the Der-ouens argued medical malpractice, the State argued that they first had to submit their claims to a medical review panel pursuant to La.R.S. 40:1299.39.1.
Following a hearing on the exceptions, the trial court granted the State’s exception of prematurity. Applying La.R.S. 40:1299.39 to the facts alleged in the Der-ouens’ petition, the trial court held that Claudette was a patient receiving health care and that the Derouens’ allegations of mishandling and/or mislabeling were clearly acts of medical negligence. Thus, it held that the matter should have been submitted to a medical review panel. A judgment maintaining the State’s exception of prematurity and dismissing the Derouens’ claims without prejudice was signed on September 8, 1997. The Der-ouens appeal this judgment.
| ¡¡ISSUE
The only issue raised by the Derouens concerns whether the trial court erred in granting the State’s exception of prematurity and decreeing that their case was grounded in medical malpractice. They allege that the trial court misapplied controlling statutory and jurisprudential authority in reaching that decision.
DISCUSSION
The Malpractice Liability for State Services Act (MLSSA) limits the liability of state health care providers with regard to claims of medical malpractice. La.R.S. 40:1299.39. Subsection E of that stature requires prior submission before a medical review panel of a claim arising under the Act before adjudication may take place in district court. Since the MLSSA limits the liability of state health care providers in derogation of the general rights of tort victims, any ambiguity in the Act should be strictly construed against coverage. Ruiz v. Oniate, 97-2412 (La.5/19/98); 713 So.2d 442.
“Malpractice” is defined by the Act as the failure to exercise the reasonable standard of care, as set forth in La.R.S. *892 9:2794,[1] in the provision of health care, when such failure proximately causes injury to a patient. La.R.S. 40:1299.39(A)(4). “Health care” is defined as any act or treatment which was performed or furnished or which should have been performed or furnished by a state health care provider for, to, or on behalf of, a patient during the medical care, | ¿treatment, or confinement of the patient. La.R.S. 40:1299(A)(6). A patient is a person who receives, or should have received, health care from a state health care provider. La.R.S. 40:1299(A)(3).
The Derouens argue that their claim alleges various acts of negligence and/or gross negligence, and not medical malpractice which would trigger the application of the MLSSA. In support of their argument, they claim that Claudette was not a “patient,” and that she was not receiving “health care,” as defined by the Act at the time the HIV testing was performed.
In its Reasons for Ruling, the trial court held:
Taking the facts as pled, it is clear that Plaintiff was a “patient” receiving health care. “Health Care” is defined as “any act ... performed or furnished ... to ... a patient during the patient’s medical care....” The drawing and testing of blood for HIV antibodies is such an act.
On the fourth, unnumbered page of their opposition memorandum Plaintiffs state that the damages which they suffered were caused by Defendants’ negligence “in mislabeling and/or mishandling ... and/or ... improperly conducting the HIV test ... [.] ” These are clearly acts of medical negligence which are included in medical malpractice.
After reviewing the petition, we find that the trial court correctly sustained the State’s exception of prematurity. Since neither side introduced any evidence in support of their position, the trial court was left with only the Derouens’ petition to consider. In their petition, the Derouens allege that a blood sample was drawn from Claudette by an employee of Vermilion Parish Health Unit for the purpose of performing HIV testing, and that the sample was mishandled and/or mislabeled by an employee of the State, the Lafayette Parish Health Unit and/or the Vermilion Parish Health Unit.
[ ^Pursuant to the MLSSA, we find that Claudette was a “patient” who was receiving “health care” at the time the alleged acts of malpractice occurred. The drawing of the blood for HIV testing was an act which was performed by a state health care provider to a “patient” during the medical care of that patient. This fits the definition of “health care.” Further, Claudette was receiving health care from a state health care provider, thus, she was a “patient.”
The Derouens cite Price v. City of Bossier City, 96-2408 (La.5/20/97); 693 So.2d 1169, in support of their argument that Claudette was not a patient of the Vermilion Parish Health Unit, and that she was not receiving “health care” at the time the blood sample was drawn. However, we find Price distinguishable from the facts of the instant matter. The statute at issue in Price was the Medical Malpractice Act, La.R.S. 40:1299.41 et seq., not the MLSSA, which provides a more restrictive definition of “malpractice”:
“Malpractice” means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal re *893 sponsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.
La.R.S. 40:1299.41(8). Additionally, this is not an instance where Claudette was being tested for the presence of drugs at the insistence of her employer. Instead, Claudette was relying on the Vermilion Parish Health Ünit to perform a medical test in order to inform her of a condition of which she was unaware, whether or not she was HIV positive. Thus, it follows that she was a “patient” who was receiving | fi“health care” from the Vermilion Parish Health Unit.
Finally, the Derouens’ claim alleges a failure by the State to exercise the reasonable standard of care in the provision of health care, and is a claim of “malpractice” under the MLSSA. To counter this proposition, the Derouens rely on Hebert v. Federal Express Corp., 96-2684 (La.App. 4 Cir. 5/21/97); 695 So.2d 528, wherein the court affirmed the trial court’s overruling of the defendant’s exception of prematurity, finding that the negligent transportation of bone marrow cells did not constitute medical malpractice.
We note that Hebert also arose under the Medical Malpractice Act. The court in Hebert also relied on a footnote from Sewell v. Doctors Hospital, 600 So.2d 577, n. 3 (La.1992), wherein the supreme court listed several factors considered by the courts of other states in determining the scope of medical malpractice statutes. Those factors were:
1) Whether the particular wrong is “treatment related” or caused by a dereliction of professional skill;
2) Whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; and
3) Whether the pertinent act or omission involved assessment of the patient’s condition.
Considering those three factors, the court in Hebert held that the negligence complained of did not fall within the purview of the Medical Malpractice Act.
Taking these factors into account in the instant matter, we find that the negligence complained of by the Derouens does fall within the purview of the MLSSA. The positive test was obviously a result of a dereliction of professional 17skill, and would require expert medical evidence to determine whether the appropriate standard of care was breached. Accordingly, we find that the Derouens’ petition has alleged a claim for malpractice pursuant to the MLSSA, and they were first required to submit their claims to a medical review panel.
CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the State of Louisiana’s exception of prematurity is affirmed. The costs of this matter are assessed to the plaintiffs-appellants, Claudette and Ronald Derouen.
AFFIRMED.

. La.R.S. 9:2794(A)(1) holds general practitioners to the degree of knowledge or skill possessed or the degree of care ordinarily exercised by general practitioners in a similar community or locale and under similar circumstances; specialists are held to the degree of care ordinarily practiced within the involved medical specialty.